UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD LEE MCELRATH,

    Plaintiff,

    v.                                                     Case No. 23-cv-1677-bhl

KELLY KINCAID,

    Defendant.

# SCREENING ORDER

Plaintiff Donald Lee McElrath, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On February 7, 2024, the Court screened McElrath's complaint and gave him the opportunity to file an amended complaint, which he did on February 20, 2024. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

McElrath alleges that Defendant Kelly Kincaid, a sex offender registry specialist, "changed and altered" his name from *Donald* Lee McElrath to *Donnie* Lee McElrath without his consent or authorization when she initiated a sex offender registry complaint against him in the Milwaukee County Circuit Court. McElrath highlights that Kincaid knew his first name was Donald, not Donnie, because that is how he is identified on the sex offender registry non-compliance report. Despite Kincaid knowing this, she allegedly listed McElrath's first name as Donnie in the caption. According to McElrath, Kincaid violated his due process and equal protection rights as well as several Wisconsin statutes.

## THE COURT'S ANALYSIS

"A claim is *legally* frivolous if it is 'based on an indisputably meritless legal theory.'" *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (explaining that courts may dismiss "claims of infringement of a legal interest which clearly does not exist"). McElrarth does not dispute that he is the person who is the subject of the complaint; he complains only that his formal name was not used in the caption. McElrath's claim against Kincaid will be dismissed because it is legally frivolous. Contrary to McElrath's assertions, Kinkaid did not "change" or "alter" McElrath's name by using a common nickname for Donald in the caption of the complaint. If McElrath wants the caption corrected, he

2

may ask the Milwaukee County Circuit Court to amend the caption to reflect that his formal name is Donald, not Donnie, but relief through a federal civil rights case is not available.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on February 27, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.